SUMMARY ORDER

Petitioner Jin Zhu Jiang, a native and citizen of the People’s Republic of China, seeks review of an August 27, 2008 order of the BIA affirming the January 3, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying Jiang’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jin Zhu Jiang, No. A095 716 682 (B.I.A. Aug. 27, 2008), aff'g No. A095 716 682 (Immig. Ct. N.Y. City Jan. 3, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that substantial evidence supports the IJ’s determination that Jiang was not credible. In her decision, the IJ noted that while Jiang testified that she fears returning to China because she began practicing Falun Gong in the United States, she failed to include that assertion in her asylum application. This was a significant omission, as it provides, on its own, the basis for an asylum claim. Cf. Xiu Xia Lin v. Mukasey, 534 F.3d 162, 166 (2d Cir.2008) (holding that, for cases such as Jiang’s, filed after May 11, 2005, even non-material inconsistencies or omissions may support an adverse credibility determination as long as the cumulative effect of such discrepancies establishes that the applicant is not credible). While Jiang explained that she believed that she was only supposed to focus on what happened in China in her asylum application, and that she did not think of putting that assertion in her application, the IJ did not err in rejecting those explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
The IJ further found that Jiang’s testimony on direct examination that her mother and neighbors helped her escape from the police in July 2002 was inconsistent with her testimony on cross-examination that both her parents were present at the time. Moreover, the IJ found implausible Jiang’s claim that her parents have suffered no adverse consequences for their alleged actions. On the basis of the entire record, we will not disturb these findings. See Ying Li v. B.C.I.S., 529 F.3d 79, 82-83 (2d Cir.2008).
In addition, the IJ found that Jiang was “extremely evasive and unresponsive” when answering difficult questions posed to her, as when she was unable to explain why she did not include in her asylum application her assertion that she practiced Falun Gong in the United States. The IJ *619 also noted that Jiang testified as if she “memorized her story for recitation to the Court.” We afford such assessments of demeanor particular deference. See Majidi, 430 F.3d at 81 n. 1.
While the IJ’s decision was not without error,[2] the “totality of the circumstances” provides sufficient support for the IJ’s conclusion that Jiang was not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 166. Moreover, because the only evidence of a threat to Jiang’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief, where all of Jiang’s claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We cannot agree with the IJ that Jiang's testimony that the police came to visit her home weekly was inconsistent with her father's letter stating that they came “several times.”